IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEMETERIA CLINTON, § | |
| Plaintiff, § | |
| § | Civil Action No. 3:11-CV-0676-N (BF) |
| v. § | |
| § | |
| DISCOVER BANK, § | |
| Defendant. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for consideration is Defendant DB Servicing Corporation's[1] Motion for Judgment on the Pleadings (doc. 7), filed April 15, 2011. The time to file a response has expired, and Plaintiff has failed to respond.

Plaintiff Demeteria Clinton filed an action in Small Claims Court, Precinct 4, Place 1, Ellis County, Texas, alleging that Defendant provided "fallacious information" to credit bureaus causing damage to Plaintiff's credit. Defendant removed the action to federal court on April 1, 2011. Defendant now asks the Court to grant judgment in its favor pursuant to Federal Rule of Civil Procedure 12(c).

## Analysis

Judgment on the pleadings is appropriate when there are no disputed issues of fact and only questions of law remain. *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). The central issue behind a Rule 12(c) motion is whether the complaint taken in a light most favorable to the plaintiff presents a valid claim for relief. *Id.* A motion for judgment on the pleadings under

---

[1] DB Servicing Corporation is the successor to DFS Services LLC, incorrectly named as Discover Bank in this action.

Rule 12(c) is treated the same way as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). In reviewing a Rule 12(b)(6) motion to dismiss, the court will accept all well-pleaded facts as true and view them in a light most favorable to the plaintiff. *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). While well-pleaded facts are accepted as true, "threadbare recitals of the elements of a cause of action, supported by mere conclusory allegations, do not suffice," and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 pleading requires that a complaint offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). A claim for relief will be considered a plausible claim if the well-pleaded facts provided by the plaintiff "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff in this case is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[P]*ro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

Plaintiff's Complaint, stating merely that Defendant provided "fallacious information and damage in credit," is nearly incomprehensible. It appears the allegations relate to Defendant's role as a furnisher of information to consumer reporting agencies. Therefore, her claim arises under the

Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq. ("FCRA").

Under the FCRA, "furnishers of information" are prohibited from reporting information with actual knowledge of errors and from reporting information after notice and confirmation of errors. 15 U.S.C. § 1681s-2(a). A furnisher of information has a duty to correct and update incomplete or inaccurate information. *Id.* The FCRA also provides: "if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer." *Id.* Finally, upon notice of dispute, a furnisher of information has a duty to investigate the matter. 15 U.S.C. § 1681s-2(b).

Plaintiff's Complaint does not raise a viable cause of action. She has not alleged that Defendant knowingly provided false information to a consumer reporting agency or that Defendant was notified of a dispute and failed to undertake its investigative responsibilities, nor has she provided any facts to support such allegations. Merely alleging that Defendant damaged her credit by providing inaccurate information is insufficient. Therefore, Plaintiff's claim must fail as a matter of law.

### Recommendation

The Court recommends that the District Court GRANT Defendant's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) and enter judgment in Defendant's favor.

Signed, May 26, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).